IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONY JONES and JEFFERSON MANNING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOLVERINE FUELS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONSOLIDATE**<br><br>2:25-cv-00345-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |
| TIMOTHY GOINS, individually and for others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOLVERINE FUELS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CONSOLIDATE**<br><br>2:25-cv-00767-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant Wolverine Fuels, LLC's Motion to Consolidate.[1]  Pursuant to Federal Rule of Civil Procedure 42(a) and DUCivR 42-1, Wolverine moves to consolidate into *Jones v. Wolverine Fuels*, Case No. 2:25-cv-00345-RJS-JCB (*Jones*), a later-filed case between similar parties—*Goins v. Wolverine Fuels*, Case No. 2:25-cv-00767-RJS-DBP (*Goins*).  The *Goins* Plaintiffs oppose the Motion.[2]  For the reasons explained below, the Motion to Consolidate is DENIED.

---

[1] *Jones* Action, Dkt. 29, *Motion to Consolidate*.

[2] *Goins* Action, Dkt. 25, *Goins' Opposition to Motion to Consolidate*.  The *Jones* plaintiffs do not oppose the Motion.  *See Motion to Consolidate* at 1.

## BACKGROUND

Wolverine is a coal company that employs workers to mine and process coal.[3] Wolverine employed Jones as an Outby Worker from approximately May 2018 to June 2022.[4] Wolverine employed Goins as a beltman from approximately August 2024 to November 2024.[5] Jones and Goings were both subjected to Wolverine's pre/post shift off-the-clock policy, which allegedly failed to compensate workers for time spent donning and doffing protective gear.[6]

On May 2, 2025, Jones filed his Complaint against Wolverine.[7] On October 6, 2025, Jones filed the operative Amended Complaint, alleging Wolverine violated the Fair Labor Standards Act (FLSA) and the Utah Payment of Wages Act (UPWA).[8] On September 5, 2025, Goins filed his Complaint, alleging Wolverine violated the FLSA.[9] Both cases seek to bring a FLSA collective action on behalf of other Wolverine employees.[10]

On December 11, 2025, Wolverine filed its Motion seeking to consolidate the two matters.[11] Goins filed a timely Opposition to the Motion,[12] and Wolverine filed a timely Reply in support of the Motion.[13] Jones did not oppose the Motion.[14] The Motion is ripe for review.

---

[3] *Jones* Action, Dkt. 23, *Amended Complaint* (*Jones Complaint*) ¶¶ 32, 34; *see also Goins* Action, Dkt. 1, *Complaint* (*Goins Complaint*) ¶¶ 25–30.

[4] *Jones Complaint* ¶¶ 25–27.

[5] *Goins Complaint* ¶ 11.

[6] *Jones Complaint* ¶¶ 5–6; *Goins Complaint* ¶ 37.

[7] *Jones* Action, Dkt. 1, *Complaint*.

[8] *Jones Complaint* ¶¶ 140–156.

[9] *Goins Complaint*.

[10] *Jones Complaint* ¶¶ 92–120; *Goins Complaint* ¶¶ 48–75.

[11] *Motion to Consolidate*.

[12] *Goins' Opposition to Motion to Consolidate*.

[13] *Jones* Action, Dkt. 34, *Reply in Support of Motion to Consolidate*.

[14] *See Motion to Consolidate* at 1; *see generally* Docket.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions "involving a common question of law or fact[.]"[15] Under local rule DUCivR 42-1, a "party may file a motion . . . to consolidate two or more cases before a single judge if the party believes that such cases or matters: arise from substantially the same transaction or event; involve substantially the same parties or property; involve the same patent, trademark, or copyright; call for determination of substantially the same questions of law; or for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[16] Whether consolidation under Rule 42(a) is appropriate is within the discretion of the district court.[17] The party seeking consolidation bears the burden of establishing it is appropriate.[18]

## ANALYSIS

Wolverine argues consolidation serves judicial economy and reduces unnecessary costs because the two actions involve "the same employment practices, name the same sole defendant, and purport to cover the same potential opt-in plaintiffs.[19] Wolverine further argues the parties will "engage in identical discovery, depose the same witnesses, and gather the same evidence to prove their claims and defenses."[20] Goins does not disagree with Wolverine's assertions but rather argues consolidations impedes on Goins's right to choose his partners in litigation and

---

[15] Fed. R. Civ. P. 42(a).

[16] DUCivR 42-1.

[17] *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (citation omitted).

[18] *Phillip M. Adams & Assocs., LLC v. Dell Inc.*, No. 1:05-cv-64 TS, 2008 WL 203316, at *2 (D. Utah Jan. 23, 2008) (citing *Shump*, 574 F.2d at 1344).

[19] *Motion to Consolidate* at 2.

[20] *Id.*

counsel and right to consent to any collective action.[21]  Goins appears to be amenable to coordination, but not a "full merger" of the two matters.[22]  In Reply, Wolverine admits that "at bottom" it wants what Goins seems to agree to: "identical scheduling orders, coordinating discovery, consolidating the cases for pre-trial purposes, and conducting a joint trial."[23]

Judicial economy will be served by coordinated discovery.  There is no dispute that the proposed collective actions will cover substantially the same plaintiffs and involve similar questions of fact and law about Wolverine's donning and doffing policy.  Parties will need to depose the same witnesses and find similar evidence to prove their claims and defenses.  But the court finds these policies are sufficiently served by coordinating discovery and case management across the two cases.  Consolidation is not necessary.

## CONCLUSION

For the foregoing reasons, the Motion to Consolidate is DENIED.[24]  The parties are ORDERED to meet and confer and submit a stipulated joint case management order in both the *Jones* action and the *Goins* action within 14 days.  If parties cannot agree on a stipulated case management order, parties may file competing orders in their respective cases, and the court will issue a single, identical order in both actions.

The Clerk of Court is DIRECTED to reassign *Goins v. Wolverine Fuels*, Case No. 2:25-cv-00767-RJS-DBP to Magistrate Judge Jared C. Bennett to ensure consistency and to promote judicial efficiency.

---

[21] *Opposition to Motion to Consolidate* at 2, 5.

[22] *Id.* at 2; *see also id.* at 4–5, 6.

[23] *Reply in Support of Motion to Consolidate* at 3 (citing *Opposition to Motion to Consolidate* at 4).

[24] *Jones* Action, Dkt. 29.

SO ORDERED this 12th day of February 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge