IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TONY JONES and JEFFERSON MANNING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WOLVERINE FUELS, LLC and CANYON FUEL COMPANY, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>No. 2:25-cv-00345-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiffs Tony Jones and Jefferson Manning's Motion to Dismiss Defendant Wolverine Fuels, LLC's Counterclaim and strike two of Wolverine's affirmative defenses.[1] For the reasons discussed below, the Motion is granted in part and denied in part.

## BACKGROUND[2]

This case concerns a dispute between two coal producing companies and their employees. Wolverine and Defendant Canyon Fuel Company, LLC (Canyon) are both mining companies.[3] Jones and Manning were employed as hourly employees to mine and process coal.[4]

---

[1] Dkt. 46, *Plaintiffs' Motion to Dismiss Counterclaim and Strike Certain Affirmative Defenses Under Rule 12(f)* (*Motion*).

[2] The following facts are drawn from the operative Complaint and Wolverine's Amended Answer. *See* Dkt. 43, *Second Amended Complaint* (*Complaint*); Dkt. 44, *Answer to Second Amended Complaint and Counterclaim* (*Answer)*. Because Plaintiffs challenge the Amended Answer as futile, the court accepts Wolverine's well-pleaded facts as true and views them in the light most favorable to it. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008).

[3] *Complaint* ¶¶ 24–25.

[4] *Id.* ¶¶ 2, 35.

Jones and Manning allege Defendants failed to pay them overtime in violation of the Fair Labor Standards Act (FLSA) and the Utah Payment of Wages Act (UPWA).[5]

Wolverine alleges an accounting error caused it to accidentally overpay Manning and other Plaintiffs at a rate exceeding time and a half for overtime work and credited them for having worked paid holidays.[6] Manning was overpaid by $2,070.75 over a three-year time period.[7]

This action was initiated on May 2, 2025.[8] On March 31, 2026, Jones and Manning amended the Complaint.[9] On April 14, 2026, Wolverine filed the Answer, which raised twelve affirmative defenses and brought a counterclaim for unjust enrichment.[10] On May 5, 2026, Jones and Manning filed the Motion seeking to dismiss the Counterclaim under Federal Rule of Civil Procedure 12(b)(6) and strike two of the affirmative defenses under Rule 12(f).[11] The Motion is fully briefed and ripe for review.[12]

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, the Counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13] To state a facially plausible claim, the claimant must plead "factual content that allows the court to draw

---

[5] *Complaint* ¶¶ 141–57.

[6] *Answer, Counterclaim* ¶ 6.

[7] *Counterclaim* ¶ 7.

[8] Dkt. 1, *Complaint and Jury Demand*.

[9] *Complaint*.

[10] *Answer*, *Counterclaim*.

[11] *Motion*.

[12] Dkt. 49, *Opposition to Motion to Dismiss and Motion to Strike* (*Opposition*); Dkt. 52, *Plaintiffs' Reply in Support of Motion to Dismiss Counterclaim and Strike Certain Affirmative Defenses Under Rule 12(f)* (*Reply*).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

the reasonable inference that the [nonmovant] is liable for the misconduct alleged."[14] The court accepts all well-pled factual allegations as true and views them "in the light most favorable" to the nonmovant.[15]

Under Rule 12(f), a court may strike an "insufficient defense."[16] The party moving to strike must show the defense "cannot succeed, as a matter of law, under any circumstances."[17] A court will not strike a defense "unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits."[18] The Tenth Circuit generally disfavors striking a defense and instructs courts to "proceed with extreme caution in striking a pleading."[19] "In making this determination, courts are to rely on their own 'sound discretion' guided by the purpose of Rule 12(f), which is to 'minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'"[20]

## ANALYSIS

Plaintiffs seek to dismiss Wolverine's unjust enrichment Counterclaim and to strike two of Wolverine's affirmative defenses.[21] The Counterclaim alleges an accounting error caused

---

[14] *Id*.

[15] *Sunrise Valley*, 528 F.3d at 1254.

[16] Fed. R. Civ. P. 12(f).

[17] *Ali v. Clear Mgmt. Sols.*, No. 2:25-cv-00583-AMA-JCB, 2026 WL 851273, at *2 (D. Utah Mar. 27, 2026) (citation omitted); *see also Su v. El Toro Loco Legends LLC*, No. 23-2115-JAR-RES, 2024 WL 382555, at *4 (D. Kan. Feb. 1, 2024) (striking a defense because "no circumstances exist under which this defense can succeed as a matter of law").

[18] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) (citation omitted).

[19] *Burget v. Cap. West Sec., Inc.*, No. CIV–09–1015–M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009) (citing *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932)).

[20] *Ali*, 2026 WL 851273, at *2 (quoting *Hayne*, 263 F.R.D. at 649).

[21] *Motion* at 2.

Wolverine to mistakenly overpay Manning and other plaintiffs during the last three years.[22] The Motion argues the Counterclaim fails to state a claim for relief.[23]

Plaintiffs also seek to strike Wolverine's second and eleventh affirmative defenses.[24] The second affirmative defense alleges Plaintiffs' claims fail because they are barred by the doctrines of unclean hands, waiver, and estoppel.[25] The eleventh affirmative defense alleges Plaintiffs' claims fail because members of the class were erroneously overpaid by Wolverine, and Wolverine should be entitled to offset any damages the class members may claim.[26] The Motion argues the affirmative defenses are insufficient as a matter of law.[27]

The court proceeds by addressing whether to dismiss the Counterclaim under Rule 12(b)(6) before considering whether to strike the challenged affirmative defenses under Rule 12(f).

## I. Counterclaim

Plaintiffs argue the unjust enrichment Counterclaim should be dismissed under Rule 12(b)(6) because (1) the FLSA disfavors counterclaims, (2) the FLSA preempts the Counterclaim, and (3) Wolverine fails to allege an offset cognizable under the FLSA.[28] The court considers and rejects each argument in turn.

---

[22] *Counterclaim* ¶ 7.

[23] *Id.* at 3–6.

[24] *Motion* at 2.

[25] *Answer* at 12.

[26] *Id*. at 14.

[27] *Motion* at 2–3, 6–10.

[28] *Id.* at 3–6.

### *A. The FLSA Does Not Prohibit the Counterclaim*

Plaintiffs argue that Wolverine's counterclaim fails as a matter of law because the FLSA disfavors counterclaims.[29] The court disagrees.

The Tenth Circuit generally disfavors state law counterclaims in FLSA suits, especially where akin to setoffs.[30] In *Donovan v. Pointon*,[31] the Secretary of Labor brought an action to enjoin the defendant from violating the FLSA's overtime provisions.[32] The Tenth Circuit found no error in the district court prohibiting the defendants from asserting set-offs, counterclaims, and third party complaints against the employees.[33] In explaining its holding, the Tenth Circuit stated, the "purpose of the [Secretary's FLSA] action is to bring [the defendant] into compliance with the Act by enforcing a public right. To permit [the defendant] in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."[34]

But *Donovan* does not bar counterclaims where (1) the FLSA claim is brought by private individuals, as opposed to the Secretary of Labor , and (2) "allowing the counterclaims would promote judicial economy because resolution of the counterclaims require[s] analysis of the

---

[29] *Id*. at 3.

[30] *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983); *see also Jones v. Addictive Behav. Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1265 (D. Kan. 2019) (explaining "several courts, including the Tenth Circuit, have indicated that counterclaims, especially where akin to setoffs, are not allowed in an FLSA action").

[31] 717 F.2d 1320 (10th Cir. 1983).

[32] *Id*. at 1323.

[33] *Id*.

[34] *Id*.

same facts, evidence, and time period as the plaintiffs' FLSA or related state law claims."[35] For example, in *Jones v. Addictive Behavioral Change Health Group, LLC*,[36] the District of Kansas considered whether to permit an employer's unjust enrichment counterclaim when the plaintiff brought FLSA claims for failure to pay overtime.[37] The court permitted the counterclaim because a logical relationship existed between the facts and evidence needed to prove the plaintiff's FLSA claim to recover underpaid wages and the defendant's counterclaim to recover overpaid wages.[38]

Plaintiffs ask this court to follow *Donovan* and prohibit Defendants from asserting the Counterclaim.[39] But the court declines to do so where a plethora of district court decisions within this Circuit do not apply *Donovan* in cases such as this one.[40] The Motion relies on two district court cases that are distinguishable: *Smith v. City of Sand Springs*[41] and *Saarela v. Union*

[35] *Cook v. DAVA Mktg., LLC*, No. 2:23-cv-00632-DBB-DBP, 2025 WL 1726399, at *3 (D. Utah June 20, 2025); *see Jones*, 364 F. Supp. 3d at 1264 (permitting a counterclaim where the counterclaim "share[d] a common nucleus of operative fact," "require[d] much of the same evidence," and adjudicating both would "serve the interests of judicial economy"); *Morales v. RoxBox Containers, LLC*, No. 20-cv-00262-PAB-KLM, 2021 WL 830499, at *3 (D. Colo. Mar. 4, 2021) (explaining "*Donovan* does not bar all state-law counterclaims in FLSA cases, at least not where the counterclaims are virtually identical to the FLSA claims" (citation modified)); *Miles v. BKP Inc.*, No. 18-cv-01212 PAB-MEH, 2022 WL 4245956, at *3 (D. Colo. Sept. 15, 2022) (same); *Deasy v. Optimal Home Care, Inc.*, No. 17 cv-00287-MSK, 2018 WL 10911745, at *3 (D. Colo. Nov. 2, 2018) (stating a court may appropriately consider a state law counterclaim that is "virtually identical to those brought under the FLSA"); see also *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL, 2009 WL 10693341, at *5 (D. Nev. Sept. 18, 2009) (distinguishing *Donovan* and permitting a counterclaim brought by a private employee asserting private rights under the FLSA and judicial economy was served); *Alexander v. Golden Margarita LLC*, No. CV-22-00781-PHX-DWL, 2023 WL 2891360, at *4 (D. Ariz. Apr. 11, 2023) (distinguishing *Donovan* and permitting a counterclaim that is "inextricably intertwined with [the plaintiffs'] wage claims"); *Bachman v. Bachman*, No. 8:19-CV-276, 2021 WL 65492, at *2 (D. Neb. Jan. 7, 2021) (explaining *Donovan* does not apply where "an employer's counterclaim for setoffs is related to the amount of wages owed").

[36] 364 F. Supp. 3d 1257 (D. Kan. 2019).

[37] *Id*. at 1264–65.

[38] *Id*. at 1264.

[39] *Motion* at 3–4.

[40] *See supra* n. 35.

[41] No. 17-cv-531-JED-FHM, 2018 WL 4494986 (N.D. Okla. Sept. 19, 2018).

*Colony Protective Services, Inc.*.[42] In *Smith*, the Northern District of Oklahoma declined to exercise supplemental jurisdiction over four state law counterclaims that would "substantially predominate over the plaintiff's FLSA overtime and retaliation claims."[43] In *Saarela*, the District of Colorado observed, "Since *Donovan*, most courts considering the issue have generally agreed that setoffs and recoupments are disfavored in FLSA suits."[44] There, the District of Colorado declined to consider a counterclaim for the repayment of private loans when the defendant failed to file a response brief arguing the general rule should not apply.[45] *Smith* and *Saarela* both support the general rule: courts generally do not allow a counterclaim, especially one that involves different factual and legal issues that the FLSA claim. But this rule does not apply here where there is substantial overlap between the FLSA claim and the unjust enrichment counterclaim.

In contrast to *Donovan*, where the Secretary of Labor sought to enforce a public right, Plaintiffs bring their FLSA claim to enforce a private right. Allowing the counterclaim promotes judicial economy because its resolution requires an analysis of the same facts, evidence, and time periods as the Plaintiffs' FLSA claim.[46] To prove the FLSA claim, Plaintiffs must establish the wages Wolverine paid and the wages Wolverine actually owed.[47] To prove the unjust enrichment counterclaim, Wolverine must also establish the wages it paid Plaintiffs and the wages it actually owed.[48] Unlike *Smith*, the unjust enrichment issues here will not predominate

---

[42] No. 13-cv-01637-MSK-MJW, 2014 WL 3408771 (D. Colo. July 14, 2014); *see also Motion* at 3–4.

[43] *Smith*, 2018 WL 4494986, at *2.

[44] *Saarela*, 2014 WL 3408771, at *5 (citation modified). Additionally, the *Saarela* court declined "to diverge from the weight of authority" because the Defendant had not filed an opposition. *Id*.

[45] *Id*. at *4–5.

[46] *See Cook*, 2025 WL 1726399, at *3.

[47] *Complaint* ¶¶ 141–147.

[48] *Counterclaim* ¶¶ 9–12.

the FLSA issue. Further, the unjust enrichment issues substantially overlap with the FLSA issues. This case is most akin to *Jones*, where the court permitted the counterclaim because "the parties are the same, the claims require much of the same evidence, and many of the same witnesses are likely necessary for both claims."[49]

The court concludes it would be inefficient and cumbersome to hear Plaintiffs' claim for underpayment here but require Wolverine to file its claim for overpayment elsewhere. Accordingly, the court finds Plaintiffs fail to establish the FLSA prohibits this counterclaim.[50]

*B. The Counterclaim Is Not Preempted by the FLSA.*

Plaintiffs argue Wolverine's unjust enrichment counterclaim should be dismissed because it is preempted by the FLSA.[51] The court disagrees.

A plaintiff employee may not bring a FLSA claim for overtime wages and "a state common law claim . . . based upon the same facts as a FLSA cause of action."[52] "[T]he duplicative state-law claim is preempted by the FLSA and must be dismissed."[53] But the state law claim here is being brought by Wolverine, the employer.[54] The FLSA is a "remedial scheme for the benefit of all workers," not for the benefit of employers.[55] Plaintiffs do not provide, and the court is unaware of, any authority finding the FLSA preempts an employer from asserting an

---

[49] *Jones*, 364 F. Supp. 3d at 1264 (also finding the "unjust enrichment counterclaim shares a common nucleus of operative fact with [the plaintiff's] federal claim for violation of the FLSA").

[50] Because the court concludes the FLSA does not prohibit the counterclaim, it does not consider the argument whether the UPWA rescues the counterclaim. *See Opposition* at 5; *Reply* at 4.

[51] *Motion* at 4.

[52] *Gutierrez v. Summit Mountain Holding Grp.*, No. 1:17-cv-00049, 2018 WL 5892667, at *7 (D. Utah Nov 9, 2018) (citation modified) (quoting *Stephenson v. All Resort Coach Inc.*, 2:12-cv-1097-TS, 2013 WL 4519781, at *9 (D. Utah Aug. 26, 2013)).

[53] *Id*.

[54] *See Counterclaim* ¶¶ 9–12.

[55] *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1111 (10th Cir. 2019).

unjust enrichment counterclaim.[56] Indeed, courts have often permitted such counterclaims.[57] Accordingly, this argument also fails.

### *C. Wolverine Alleges an Offset Cognizable Under the FLSA.*

Plaintiffs argue Wolverine's counterclaim constitutes an offset that "does not qualify for credit" under the FLSA.[58] The court disagrees.

The counterclaim alleges Wolverine paid Plaintiffs for "holidays that [Plaintiffs] did not work."[59] 29 U.S.C. § 207(e)(2) excludes from an employee's regular rate "payments made for occasional periods when no work is performed due to . . . holiday . . . which are not made as compensation for his hours of employment."[60] Employers may not use these hours to offset earned overtime hours.[61] But Wolverine seeks to offset only unearned overtime hours.[62] As the Tenth Circuit has explained, "FLSA overtime applies only to hours actually worked. 29 C.F.R. § 778.101 states that '[h]ours worked in excess of the statutory maximum in any workweek are overtime hours under the statute; a workweek no longer than the prescribed maximum is a nonovertime workweek under the Act.'"[63] Wolverine's counterclaim focuses on overpaying employees by treating unworked holiday time as worked time and thus paying employees

---

[56] *See Motion* at 4.

[57] *Jones*, 364 F. Supp. 3d at 1266; see also *Rosario v. 11343 Penrose Inc.*, No. 20-cv-04715-SB-RAO, 2020 WL 8812460, at *9 (C.D. Cal. Oct. 26, 2020) ("[C]ounterclaims, including for unjust enrichment, are not invalid in an FLSA suit as a matter of law.").

[58] *Motion* at 6.

[59] *Id*. at 5; *Counterclaim* ¶¶ 9–12.

[60] 29 U.S.C. § 207(e)(2).

[61] *Id*. § 207(h)(2); 29 C.F.R. § 778.216 ("[S]ince such payments are not made as compensation for the employee's hours worked in any workweek, no part of such payment can be credited toward overtime compensation under the Act").

[62] *Counterclaim* ¶¶ 9–12.

[63] *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1310 (10th Cir. 2011).

overtime pay when they did not work more than 40 hours a week.[64] Accordingly, the counterclaim states a claim for relief.

## II. Second Affirmative Defense

The Motion seeks to strike Defendants' second affirmative defense in which Wolverine asserts Plaintiffs' claims "are barred by the equitable doctrines of waiver, unclean hands, and/or estoppel."[65] Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[66] Plaintiffs argue Defendants' second affirmative defense is insufficient as a matter of law because (1) estoppel is generally rejected as a defense in FLSA cases, (2) the Supreme Court has held FLSA rights cannot be waived, and (3) the doctrine of unclean hands does not apply in FLSA cases.[67] The court considers each in turn.

### *A. Estoppel*

Plaintiffs argue Wolverine's estoppel defense cannot succeed as a matter of law under any circumstances because defenses based on estoppel are generally rejected in FLSA cases.[68] The court disagrees.

Federal courts have limited equitable estoppel in FLSA wage claims "because such claims lie in an area where agreements and other acts that would normally have controlling legal

---

[64] *Counterclaim* ¶¶ 9–12.

[65] *Id.* at 6.

[66] Fed. R. Civ. P. 12(f).

[67] *Motion* at 7–9.

[68] *Id*. at 8.

significance are overcome by Congressional policy."[69] However, some courts have found "estoppel may apply to FLSA cases when the employee affirmatively misleads the employer regarding the number of hours worked and the employer has no knowledge of the employee's actual hours."[70]

In *Mencia v. Allred*,[71] the Tenth Circuit considered how an equitable estoppel affirmative defense applies within the framework of the FLSA.[72] The Circuit has explained that an employer is liable under the FLSA when the employer "ha[s] suffered or permitted the work for which their employees seek compensation."[73] But whether an employer has "suffered or permitted" an employee's work "depends on the further question of whether [the employer] knew or should have known what [the employee] was doing."[74]

The Motion fails to satisfy the Plaintiffs' demanding burden of showing the estoppel defense "cannot succeed as a matter of law under any circumstances."[75] Estoppel may apply here, depending on whether Wolverine knew or should have known what its employees were

---

[69] *Mencia v. Allred*, 808 F.3d 463, 470 (10th Cir. 2015) (citation modified); *see also Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir. 1959); *Kimble v. EOG Res., Inc.*, No. 2:22-cv-674-MLG-GJF, 2023 WL 2499717, at *2 (D.N.M. Mar. 14, 2023); *Gomez v. Epic Landscape Prods., L.C.*, No. 22-cv-2198-JAR, 2025 WL 1262463, at *15 n.120 (D. Kan. Apr. 30, 2025); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005); *Acosta v. Luxury Floors, Inc.*, No. 18-cv-01489-WMW-ECW, 2018 WL 7350478, at *7 (D. Minn. Dec. 7, 2018).

[70] *Kimble*, 2023 WL 2499717, at *2 (quoting *Acosta*, 2018 WL 7350478, at *7); *see also Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 933–34 (W.D. Mo. 2008) (explaining that while "generally estoppel is not allowed as a defense to a FLSA claim," a narrow exception exists when "the employee affirmatively misleads the employer regarding the number of hours worked and the employer has no knowledge of the employee's actual hours" (quoting *Wlodynski v. Ryland Homes of Fla. Realty Corp.,* No. 8–08–CV–00361–JDW–MAP, 2008 WL 2783148 (M.D. Fla. July 17, 2008)).

[71] 808 F.3d 463 (10th Cir. 2015).

[72] *Id*. at 470.

[73] *Id*. (citation modified).

[74] *Id*.

[75] *See Ali*, 2026 WL 851273, at *2.

doing. Accordingly, the court declines to strike the estoppel defense at this stage of the proceeding.[76]

*B. Waiver*

Plaintiffs argue Wolverine's waiver defense cannot succeed as a matter of law because the Supreme Court has held rights under the FLSA cannot be waived.[77] The court agrees.

In *Barrentine v. Arkansas-Best Freight System, Inc.*,[78] the Supreme Court held, "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate."[79] In *Peabody Galion v. Dollar*,[80] the Tenth Circuit further explained the FLSA "provides substantive minimum protection to individual workers" and because these protections are the floor, they cannot "be abridged by contract."[81] These precedents lead the court to conclude there is no set of circumstances in which a waiver defense would succeed in this FLSA case.

Wolverine's reliance on *Reyes v. Bona 1372, Inc.*[82] fails to persuade the court otherwise.[83] In *Reyes*, the Eastern District of Texas applied the Fifth Circuit's "fact-specific analysis" for pleading affirmative defenses and denied the plaintiffs' motion to strike a waiver

---

[76] Plaintiffs also seek to strike the estoppel defense as to the UPWA claims because Utah courts interpret the UPWA consistently with federal wage law. *Motion* at 8–9. Because the court does not strike the affirmative defense for the FLSA claim, it does not consider the issue as to the UPWA.

[77] *Motion* at 6.

[78] 450 U.S. 728 (1981).

[79] *Id.* at 740 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)); *see also Bascom v. Kennecott Utah Copper LLC*, No. 2:25-cv-00505-DBB-JCB, 2026 WL 296663, at *5 (D. Utah Feb. 4, 2026) (citation modified) (noting "the Supreme Court has explained that FLSA rights cannot be abridged by contract or otherwise waived").

[80] 666 F.2d 1309, 1322 (10th Cir. 1981).

[81] *Id.* at 1322.

[82] No. 1:17-CV-16, 2018 WL 1868106 (E.D. Tex. Mar. 15, 2018).

[83] *Reply* at 11.

defense.[84] In *Reyes*, the court followed the Fifth Circuit's pleading standard, which required a "fact-specific analysis" of affirmative defenses.[85] The *Reyes* court denied the motion to strike because the waiver defense was pled with "enough specificity to provide fair notice."[86] The court did not engage with *Barrentine* at all.[87] Accordingly, the court concludes the waiver affirmative defense should be stricken with respect to the FLSA claim.

Plaintiffs also argue the defense should be stricken as to the UPWA because the UPWA is consistent with federal wage law.[88] The Motion cites the UPWA provision adopting the FLSA's definition of an employer to support this argument.[89] But Plaintiffs provide no case law supporting the argument that *Barrentine* applies to the UPWA,[90] and Utah's statute incorporating one definition from federal law does not mean the UPWA is coextensive with the federal statute or interpreted the same way. Accordingly, Plaintiffs fail to meet their burden to strike the waiver defense with respect to the UPWA claim under the standard applied at this stage.

The second affirmative defense is struck as to the FLSA claim but survives as to the UPWA claim.

---

[84] *Reyes*, 2018 WL 1868106, at *7–8.

[85] *Id.* at *7.

[86] *Id*. at *8.

[87] *See id.* at *7–8.

[88] *Motion* at 8–9.

[89] *Id.* at 9 (citing Utah Code § 34-28-2(1)(c) which provides "[e]mployer means the same as that term is defined in 29 U.S.C. § 203").

[90] *See Motion* at 9.

### *C. Unclean Hands*

Plaintiffs argue Wolverine's unclean hands defense cannot succeed as a matter of law because unclean hands is an equitable defense and the Complaint here seeks only monetary relief.[91] The court agrees.

The unclean hands standard provides, "he who seeks equity must come into the court with clean hands."[92] Where the plaintiff seeks only monetary damages, the doctrine does not apply.[93]

Wolverine asserts an unclean hands defense can survive a motion to dismiss because "an employee's misconduct could affect the remedies available."[94] Wolverine relies on *Green v. City & County of San Francisco California.*[95] There, the Northern District of California did not dismiss an unclean hands defense in an FLSA case because the plaintiff was seeking "judgment declaring that their FLSA rights were violated, an accounting, back pay compensation, liquidated

---

[91] *Id.* at 7.

[92] *Hocker v. N.H. Ins. Co.,* 922 F.2d 1476, 1486 (10th Cir. 1991) (quotation marks and citation omitted); *see also Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806, 814 (1945) ("[The unclean hands doctrine] is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant."); *Clean-Hands Doctrine*, Black's Law Dictionary (12th ed. 2024) (providing that under the unclean hands principle, "a party cannot seek equitable relief or assert an equitable defense if that party has violated an equitable principle, such as good faith").

[93] *Campbell v. A.S.A.P. Assembly, Inc.*, No. CIV-13-0815-HE, 2013 WL 6332975, at *2 (W.D. Okla. Dec. 5, 2013); *see also Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 865 n.26 (5th Cir. 1979) (noting the doctrine of unclean hands is equitable in nature and likely would not bar a claim for damages); *Adana Investing, Inc. v. Wells Fargo Bank, N.A*., No. 1:16-cv-21562-UU, 2017 WL 3668553, at *16 (S.D. Fla. Apr. 10, 2017) ("The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses."); *Lopez v. Autoserve, LLC*, No. 05 C 3554, 2005 WL 3116053, at *1 (N.D. Ill. Nov. 17, 2005) ("[U]nclean hands is an equitable remedy not applicable to claims for monetary relief."); *NLRK, LLC v. Indoor Ag-Con, LLC*, No. 3:21-cv-00073-CSD, 2023 WL 3724741, at *9 (D. Nev. May 30, 2023) (citation omitted) (holding the doctrine of unclean hands does not apply where a plaintiff is seeking only monetary damages).

[94] *Opposition* at 11 (quoting *Green v. City & Cnty. of S.F. Cal.*, No. C 06-6953 SI, 2007 WL 521240, at *1 (N.D. Cal. Feb. 15, 2007)).

[95] No. C 06-6953 SI, 2007 WL 521240 (N.D. Cal. Feb. 15, 2007).

damages, interest, and attorney's fees and costs."[96] *Green* considered an action seeking both equitable and legal relief, not one seeking solely legal relief.

Here, Plaintiffs are not seeking equitable relief but rather monetary damages under both the FLSA and the UPWA.[97] Accordingly, the court finds the unclean hands defense cannot succeed as a matter of law under any circumstances.

### III. Eleventh Affirmative Defense

The Motion also seeks to strike Wolverine's eleventh affirmative defense,[98] which asserts: "Manning and putative class and collective action members were erroneously overpaid by Wolverine, and Wolverine is therefore entitled to any offset any damages that Manning and putative class and collective action members may claim."[99] Plaintiffs argue the court should strike this affirmative defense because offsets are rarely applicable in FLSA and UPWA cases.[100] The court disagrees.

The "Tenth Circuit has indicated that wage offsets may be an affirmative defense in an FLSA case under some circumstances."[101] Plaintiffs ignore this Tenth Circuit case law and instead ask the court to adopt the Fifth Circuit's bright-line rule prohibiting offsets in FLSA cases.[102] The court declines to do so. Because wage offset affirmative defenses may be permitted under some circumstances, Plaintiffs do not meet their burden of showing the

---

[96] *Id*. at *1–2.

[97] *Complaint* at 21–22.

[98] *Motion* at 9–10.

[99] *Answer* at 14.

[100] *Motion* at 9.

[101] *Su*, 2024 WL 382555, at *4; *see also Mencia*, 808 F.3d at 473 (providing the employer has the burden to prove the value of wage offsets in a FLSA case).

[102] *Motion* at 9–10 (relying on *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010); *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); and *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010)).

insufficiency of Wolverine's Eleventh Affirmative Defense is clearly apparent and cannot succeed as a matter of law under any circumstances.[103]

The Motion also argues the UPWA does not permit offsetting because the statute includes a remedial scheme to redress wage underpayment.[104] But this argument fails because the UPWA expressly permits employers to pursue "legitimate claims of . . . offsets . . . against an employee."[105] The Motion fails to convince the court that there are circumstances in which Wolverine's offset defense is not legitimate. Accordingly, the court concludes Plaintiffs fail to meet their burden.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART.[106] The Motion's request to dismiss the unjust enrichment counterclaim is DENIED. The Motion's request to strike the estoppel affirmative defense and offset affirmative defenses is DENIED. The Motion's request to strike the waiver affirmative defense is GRANTED with respect to the FLSA claim but DENIED with respect to the UPWA claim. The Motion's request to strike the unclean hands defense is GRANTED.

SO ORDERED this 19th day of August, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

[103] *See Ali*, 2026 WL 851273, at *2.

[104] *Motion* at 10.

[105] Utah Code Ann. § 34-28-3(9) (West 2026).

[106] Dkt. 46.